**Ollie Watts LIGHTFOOT, Appellant,**

v.

**J. M. TINDALL, d/b/a J. M. Tindall Gins, Appellee.**

**No. 6517.**

Court of Civil Appeals of Texas.

Amarillo.

Sept. 26, 1955.

Rehearing Denied Oct. 24, 1955.

Archer & Hazlewood and Merchant & Fitzjarrald, Amarillo, for appellant.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, and Morehead, Sharp & Boyd, Plainview, for appellee.

NORTHCUTT, Justice.

This is an appeal from the judgment where the trial judge withdrew the case from the jury and rendered judgment in favor of appellee, J. M. Tindall, in a suit wherein the appellant, Ollie W. Lightfoot, sought damages for injuries received by him when a ladder he was on broke and threw appellant to the concrete floor.

Appellant pleaded he was working for appellee in constructing a gin and that while he was so engaged he was instructed by appellee or his agents and servant to climb to the top of one of the burr extractors and to connect one of the braces thereon by means of a nut and bolt; that there was

available for appellant's use one decrepit, worn-out, ten or twelve foot wooden ladder; that appellant found this ladder in place against the burr extractor and climbed the ladder and had his hands on the top of the ladder when one of the legs of the ladder broke and gave way and collapsed from under appellant; that appellant fell violently to the cement below and landed on his right heel causing the damages sued for.

The appellant's pleadings as to appellee's acts of negligence were as follows:

"At the time of the aforesaid accident, plaintiff was engaged in performing work in the course of his employment for defendant. The defendant, his agents, servants, or employees were negligent in the premises, therefore in the following particulars:

"A. In failing to provide the plaintiff with a reasonably safe place in which to perform the work which had been assigned to him.

"B. In that plaintiff was ordered by his superior, an agent of defendant, to climb upon the aforesaid ladder when the defendant, his agents, servants or employees knew, or should have known, that this ladder was not a safe *place* of equipment, was old and worn out and was likely to break when the weight of a human body was put on it.

"C. In failing to supply the plaintiff waith a reasonably strong, reasonably sturdy and a reasonably safe ladder with which to perform the duties to which ha had been assigned on the occasion in question.

"D. In failing to conduct such reasonable inspections of its equipment as *it* would *reasonably* disclose*d* the unsafe and dangerous character and condition of the ladder which the plaintiff was ordered to climb.

"E. In failing to replace worn-out, unsafe and dangerous equipment including the ladder in question and re-placing the same with new equipment, including a new ladder.

"F. In furnishing plaintiff only with an old, worn-out, decrepit ten or twelve foot step-ladder which was not reasonably safe and sturdy.

"The foregoing acts of negligence on the part of defendant by and through his agents, servants and employees, when taken collectively, were the proximate cause of the aforementioned damages and injuries to the plaintiff and each was, when taken singly, the proximate cause of the aforementioned cause and injuries to the plaintiff."

There is no testimony that appellee did not provide appellant with a reasonably safe place to perform his work; neither is there any testimony that appellant was ordered by his superior, an agent of appellee, to climb upon the ladder in question but it was proven by appellee's own witness that appellant was asked to throw the witness a bolt and that the witness was the one that was fastening the brace in question and not the appellant. The undisputed evidence showed that the ladder in question did not belong to appellee but belonged to a Mr. Anglin, the independent electrician that was wiring the gin for electricity, and further the undisputed evidence shows that appellee did furnish appellant and other workmen safe and sufficient ladders with which to perform their duties. There is no proof that appellee failed to inspect his equipment or that there was any defects in any of appellee's equipment and neither was there any showing that any of appellee's equipment was worn-out, unsafe or dangerous; nor was there any proof that appellee furnished appellant with an old, worn-out, decrepit step-ladder.

In the absence of some evidence of negligent conduct on the part of appellee herein to which the appellant might attribute his injuries, the action of the trial court in directing a verdict for appellee was without error. We are of the opinion that the undisputed record in this case, all of which was produced from witnesses called

by appellant, shows to the opposite from the contention of the appellant. Appellant's cause of action is based solely upon the matters alleged concerning the ladder in question. The undisputed record shows the ladder did not belong to appellee; that appellee did furnish proper ladders for his employees including appellant. We are of the opinion that there is no evidence in this record showing the appellee guilty of any negligence and, in the absence of a showing of negligence, the action of the trial court in directing a verdict herein was proper. Dial v. Wilke, Tex.Civ.App., 127 S.W.2d 379 (writ refused). Appellant's assignments of error are overruled and judgment of the trial court is affirmed.